## MURPHY, dba Hood View
## Residential Care Home and
## Mt. Scott Residential Care Home,
*Appellant,*

*v.*

## MENTAL HEALTH DIVISION et al,
*Respondents.*

### (A8405-02740; CA A32880)

706 P2d 569

Arden E. Shenker, Portland, argued the cause for appellant. With him on the briefs were Montgomery W. Cobb and Tooze Kerr Marshall & Shenker, Portland.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Christine I. Jensen, Certified Law Student, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Plaintiff, an owner/operator of two residential care facilities, brought this action in circuit court seeking to have defendants' administrative policy of restricting admissions and referrals to his facilities declared void. The complaint was dismissed below for lack of jurisdiction, the trial court finding that ORS 183.400[1] created mandatory exclusive jurisdiction in the Court of Appeals whenever the validity of an agency rule is challenged. None of the defendants had, in fact, promulgated a rule. Plaintiff appeals. We affirm.

Plaintiff questions whether the jurisdiction to review administrative rules granted to this court by ORS 183.400 bars actions in the circuit court for declaratory relief from administrative action, at least when no rule has actually been promulgated. Plaintiff alleges that defendants' actions affecting his facilities were void for failure to properly promulgate a rule under ORS 183.325, *et seq.* and that he was entitled to a declaratory judgment to that effect.

Before July 1, 1982, plaintiff's care facilities—Hood View and Mt. Scott Residential Care Homes—received referrals from both the Senior Services Division and the Mental Health Division of the Oregon Department of Human Resources. Both of plaintiff's facilities were free to, and did, serve a mixed population of residents, including the elderly, mentally retarded and developmentally disabled ("MRDD") and mentally and emotionally disabled ("MED"). Effective July 1, 1982, one of plaintiff's facilities, Hood View, was transferred to the exclusive jurisdiction of the Mental Health Division. Thereafter, defendants limited referrals and placement at Hood View to MED only and limited referrals and placement at Mt. Scott to elderly residents only. Referrals in other diagnostic categories were refused by defendants. Plaintiff alleged in his complaint that, as a result of defendants' policy, he suffered financial losses and other harm, including

---

[1] ORS 183.400 reads in part:

"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases.

"* * * * *"

lowered staff morale and diminished quality of care for the residents.

It is clear from the record that the court below felt it was being asked to review the validity of an administrative rule, although no rule had been promulgated formally under ORS 183.325, *et seq. See Burke v. Childrens Services Division,* 288 Or 533, 607 P2d 141 (1980). On appeal, however, plaintiff denies that he was seeking judicial review of an administrative rule in the circuit court. Rather, the essence of plaintiff's complaint is that defendants adopted a policy and took actions pursuant to that policy which were void due to a failure properly to promulgate a rule under the Oregon Administrative Procedures Act, ORS 183.325, *et seq.* Given the narrow focus placed on the issue before us by plaintiff, we are now compelled to affirm the dismissal, because the appeal is moot.

■,■ After the dismissal of plaintiff's case below, temporary rules and a policy statement were issued by defendants regarding the diagnostic makeup of and placement policy toward care homes such as plaintiff's. *See* OAR 410-05-080 *et seq.* The temporary rules were permanently adopted effective March 1, 1985. As a result, defendants' actions can no longer be void due to a failure to promulgate a rule, and plaintiff's claim on this issue is now moot.[2] Plaintiff also argues that his claim for damages remains unresolved, regardless of the defendants' rule promulgation. However, that claim sounds in tort, and plaintiff has not alleged compliance, and it is clear from the record that he in fact has not complied, with the notice requirement of the Oregon Tort Claims Act. ORS 30.275.

Affirmed.

---

[2] Plaintiff's due process claims are also based on the disputed validity of defendants' actions in the absence of properly promulgated rules and do not require further discussion.